## GEORGE CAMPBELL *vs.* JAMES K. HANNEY.

H., the holder of a life insurance policy, agreed with G., the agent of the company which issued the policy, that G. should send the policy to the home office with H.'s release on it, and that the company should return to G. for H. a cashier's check for the agreed surrender value of the policy. G. sent the policy with the release on it to the home office and the company mailed to G. for H. a cashier's check for the stipulated sum payable to the order of H. After the mailing of the check trustee process was served on the company for the purpose of attaching the personal estate of H. in its possession.

*Held*, that under the agreement the cashier's check was to be received by H. as payment of the surrender value of the policy.

*Held*, further, that G. was the agent of H. to receive the check.

*Held*, further, that mailing the check to G. was tantamount to its delivery to H.
*Held*, further, that the company was not chargeable as garnishee for money due
  H. on the surrender value of the policy.

PLAINTIFF'S petition for a new trial.

*November* 30, 1895. MATTESON, C. J. Assuming that we
have jurisdiction, under the Judiciary Act, cap. 31, § 2, to
entertain the plaintiff's petition for a new trial, we do not
think that a new trial should be granted. The purpose of the
petition is to have us review the decision of the Common
Pleas Division discharging the garnishee. The evidence
shows that the agreement between the defendant and Gannett
was that the latter should send the policy with the defend-
ant's release on it to the home office of the company in Mil-
waukee, and that the company should return to Gannett, for
the defendant, a cashier's check for the agreed surrender
value of the policy, $402.27, payable to the defendant's order.
The evidence further shows that in pursuance of this agree-
ment, the defendant executed a release to the company on the
policy, and that the policy was then sent by Gannett to the
home office of the company ; that the company purchased a
cashier's check, drawn by the National Exchange Bank of
Milwaukee on the Importers and Traders National Bank of
New York, for $402.27, payable to the defendant's order, and
sent it by mail to Gannett for the defendant.

We think that the effect of the agreement between the de-
fendant and Gannett was that the cashier's check was to be
received by the defendant as payment of the sum agreed on
as the consideration for the surrender of the policy, and to
constitute Gannett the defendant's agent to receive the check
for him. When, therefore, the company, in pursuance of
this agreement, deposited in the mail in Milwaukee a check
of the National Exchange Bank of Milwaukee on the Im-
porters and Traders National Bank of New York, for
$402.27, payable to the defendant's order, with the intent
that it should be transmitted to Gannett, it had performed
its part of the agreement with the defendant, the mailing
of the check being tantamount to its delivery to the defend-
ant ; *Barrett* v. *Dodge*, 16 R. I. 740, 743, 744 ; and, con-

sequently, that the company at the time of the garnishment had in its possession none of the personal estate of the defendant.

The plaintiff contends that Gannett, being the agent of the Insurance Company, could not also be the agent of the defendant to receive the check. But there was no conflict between the duty that he owed to the company and his duty to the defendant to receive the check. We therefore see no reason why he might not properly and legally be the agent of the defendant for that purpose.

The testimony of Gannett was supplementary to the answer of the garnishee, rather than contradictory of it. It was material to the issue to be determined, and the defendant would have had the right to have it brought to the attention of the court if Gannett had not been summoned before the court of its own motion.

We think that the decision of the Common Pleas Division discharging the garnishee was correct, though we think the decision should be rested on different grounds from that assigned by that Division.

Petition denied and dismissed, and case remitted to the Common Pleas Division with direction to enter judgment discharging the garnishee.

*William A. Morgan,* for plaintiff.

*Charles E. Gorman,* for defendant.